## FITZGIBBON v. LAUMEISTER et al.*

### S. F. No. 547; January 21, 1898.

#### 51 Pac. 1078.

**Fraudulent Conveyances—Sufficiency of Evidence—Appeal.—** Where the controlling issue was whether or not a certain conveyance was fraudulent as to creditors of the grantor, and there was abundant evidence to support the findings of the court, the conclusion drawn therefrom was not open to review, on appeal from an order denying a new trial and from a judgment in accord with such findings.

**Fraudulent Conveyances.—In an Action to Restrain the Sheriff from Selling** certain real estate on execution against plaintiff's grantor, the court did not err in denying a nonsuit, where plaintiff rested on the introduction in evidence of the deed to him, and it appeared that the execution creditor made no claim to the property, except such as was derived from such grantor subsequent to the date of such deed.

APPEAL from Superior Court, City and County of San Francisco; D. J. Murphy, Judge.

Action by Morris Fitzgibbon against C. S. Laumeister and another. From an order denying a new trial, and from a judgment in favor of plaintiff, defendant Weatherly, the execution creditor, appeals. Affirmed.

Chas. F. Hanlon for appellant; E. W. McGraw for respondent.

HARRISON, J.—The plaintiff brought this action to restrain the defendant Laumeister, as sheriff of the city and county of San Francisco, from selling a certain piece of real estate owned by him in said city, under an execution issued upon a judgment against the plaintiff's grantor in

---

*Rehearing denied.

favor of the defendant Weatherly. The defendant Laumeister made default, and the defendant Weatherly answered, alleging that the conveyance to the plaintiff was made with the intent to hinder, delay and defraud creditors, and that the threatened sale by the sheriff was for the purpose of enforcing his claim as a creditor against the grantor in the deed. The cause was tried without a jury, and the court finds that the purchase of the property by the plaintiff was made by him in good faith, and the conveyance therefor was made for a valuable and adequate consideration paid by him to the grantor at and before its execution, and was received by him in good faith, and not with any intention to hinder, delay or defraud the defendant or his assignor, or any creditor of said grantor. Judgment was entered accordingly in favor of the plaintiff. A motion for a new trial was made upon the ground that the evidence was insufficient to sustain the findings and decision, and was denied by the court. From this order, and also from the judgment, the defendant Weatherly has appealed.

The controlling issue in the case is whether the conveyance to the plaintiff was bona fide or fraudulent, and with intent to hinder, delay or defraud the creditors of his grantor. Nearly all the evidence presented to the trial court was upon this issue, and there is abundant evidence in the record to support the findings of the court. The argument of the appellant in this court is directed to the proposition that the court found contrary to the evidence, and resolves itself into contending that the court made erroneous inferences of fact from the evidence and gave to the testimony of the plaintiff and his grantor greater weight and credit than it was entitled to receive. This argument was appropriate with the trial court, and presumably was made before it by the defendant, but, as it presents only the conclusion to be drawn from conflicting evidence, the conclusion which was drawn by the trial court is not open here to review.

The court did not err in denying a nonsuit. The plaintiff rested upon the introduction in evidence of the deed to him. It appeared by the pleadings that the defendant made no claim to the property, except such as was derived from the grantor in the deed subsequent to its date. The claim that the deed was fraudulent was an affirmative defense, of which, at the time the motion for a nonsuit was made, no evidence

had been given, and the deed itself imported a consideration sufficient to vest the plaintiff with the grantor's title to the property.   The judgment and order are affirmed.

We concur: Beatty, C. J.; Van Fleet, J.